J-S08041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| 1401 ARCH, LP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID STALLING, | : | |
| | : | |
| Appellant | : | No. 1097 EDA 2024 |

Appeal from the Order Entered October 16, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 230802818

BEFORE: DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MARCH 24, 2025**

In this landlord-tenant matter, David Stalling, *pro se*, appeals from the order entered in the Court of Common Pleas of Philadelphia County, affirming the Philadelphia Municipal Court's order denying his petition to open a default judgment entered against him.[1] On appeal, Stalling raises four issues, chiefly contending that his due process rights were violated. We dismiss this appeal due to briefing deficiencies.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The text of the order "denies" both Stalling's "Motion to Open Default Judgment" and his appeal from the municipal court. We also note that the docket reflects Rule 236 notice of this order having been given on October 16, 2023, and we have amended the caption accordingly. **See** Pa.R.A.P. 108(b) ("The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the date on which the clerk makes the notation in the docket that written notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b).").

Although the record is quite sparse, we begin by quoting this matter's procedural history, as summarized by the court of common pleas:

On May 1, 2023, 1401 Arch commenced this landlord-tenant action in the [m]unicipal [c]ourt. A hearing was initially scheduled for May 22, 2023. On May 11, 2023, [] Stalling filed a continuance request for the hearing, which the [m]unicipal [c]ourt granted. The [m]unicipal [c]ourt continued the hearing to June 13, 2023. On June 2, 2023, [] Stalling made another continuance request, to which 1401 Arch consented, and the case was continued to July 5, 2023. On June 23, 2023, [] Stalling made another continuance request, which 1401 Arch opposed. Judge Fran McCloskey of the [m]unicipal [c]ourt granted the request and continued the hearing to July 24, 2023, but Judge McCloskey noted that the case "must be tried" at the next listing. [] Stalling failed to appear at the July 24, 2023 hearing, at which point a default judgment was entered in favor of 1401 Arch and against [] Stalling.

On August 1, 2023, [] Stalling filed a petition to open the default judgment in the [m]unicipal [c]ourt. On August 2, 2023, Judge Christian DiCicco denied [] Stalling's petition, noting that "hearing date was set at the previous listing as per [Stalling's] continuance request, which was in fact opposed to by [1401 Arch]." On August 25, 2023, [] Stalling filed an appeal to [the court of common pleas] from Judge DiCicco's [o]rder.[2] [] Stalling stated in his

_____

2 As background,

under the Philadelphia County Rules of Civil Procedure, when an appeal is taken from the [m]unicipal [c]ourt to the [c]ourt of [c]ommon [p]leas as it relates to "[s]upplementary [o]rders," which includes "orders granting or denying a [p]etition to [o]pen a [d]efault [j]udgment, and any other post-judgment orders" in landlord-tenant matters, the [c]ourt of [c]ommon [p]leas' review "is limited to a review of the record related to the [p]etition, not the merits of the underlying case." *See* Phila. [Civ. R.] 1001.3(a). Thus, "the appeal is limited to a determination by the [c]ourt of [c]ommon [p]leas as to whether the [m]unicipal [c]ourt committed an error of law or abused its discretion in ruling on the petition or motion which is the subject of the appeal."

*(Footnote Continued Next Page)*

initial appeal papers that he "was unaware of the court hearing and did not receive mail notifying him of a court hearing for that day and time." [Stalling filed an additional petition to open the default judgment, this time in the court of common pleas, on August 28, 2023.]

On September 21, 2023, [the court of common pleas] ordered a hearing scheduled for October 11, 2023 on [] Stalling's appeal and petition to open judgment filed in [the court of common pleas]. On October 2, 2023, [] Stalling filed a motion for continuance. On October 4, 2023, [the court of common pleas] denied [] Stalling's motion for a continuance. On October 11, 2023, [] Stalling did not appear at the hearing[,] and [the court of common pleas affirmed the municipal court's order denying Stalling's petition to open default judgment].

Court of Common Pleas Opinion, 2/9/24, at 2-3 (unnecessary capitalization omitted).[3]

We have reviewed Stalling's brief, and discern, from its headings, that Stalling believes his due process rights were violated when a default judgment was entered against him in municipal court without the opportunity to be heard. **See** Appellant's Brief, at 1. Furthermore, Stalling purports to raise several ancillary issues, such as, *inter alia*, his asserted entitlement to a writ of possession in a timely fashion. **See id.** at 3-6. Nevertheless, because

---

**BKB Community Development v. Mitchell**, 2025 WL 586862, *3 (Pa. Super., filed Feb. 24, 2025) (unpublished memorandum) (citation omitted); Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[3] Although Stalling timely filed an appeal from the court of common pleas' order, he erroneously appealed to our sister court, the Commonwealth Court. Nevertheless, the matter was transferred to this Court by order on April 3, 2024.

Stalling's brief violates numerous of our Rules of Appellate Procedure, we dismiss his appeal. **See, e.g.**, **Rabutino v. Freedom State Realty Co., Inc.**, 809 A.2d 933, 937 n.3 (Pa. Super. 2002) (indicating that this Court has power to dismiss appeal if appellant's brief violates Rules of Appellate Procedure); **see also** Pa.R.A.P. 2101 (mandating that briefs "conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief . . . of the appellant and are substantial, the appeal or other matter may be quashed or dismissed").

Under our Rules of Appellate Procedure, when filing a brief in our Court, an appellant must comply with the following precepts:

> **(a) General rule**.— The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:
>
> (1) Statement of jurisdiction.
>
> (2) Order or other determination in question.
>
> (3) Statement of both the scope of review and standard of review.
>
> (4) Statement of the questions involved.
>
> (5) Statement of the case.
>
> (6) Summary of argument.
>
> \* \* \*
>
> (8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in paragraphs (b) and (c) of the rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111.

At a minimum, Stalling's brief lacks: (1) a statement of jurisdiction; (2) the order in question; (3) a statement of both the scope of review and the standard of review; (4) a statement of the questions involved; (5) a statement of the case; and (6) a summary of argument. Instead, his brief merely contains four one-to-two-page argument sections and a one-sentence conclusion. Moreover, Stalling's citations to authority, across the entirety of his brief, consist of two local procedural rules from Philadelphia County, a federal Eastern District of Pennsylvania decision from 1993, and Section 2 of the 14th Amendment to the United States Constitution. *See* Appellant's Brief, at II.

We recognize that Stalling is representing himself in this appeal. However,

> although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania

- 5 -

> Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

*Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citations omitted). Furthermore, this Court will not act as counsel on behalf of an appellant. *See, e.g.*, *Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa. Super. 1996) (*quoting Commonwealth v. Sanford*, 445 A.2d 149, 150 (Pa. Super. 1982) ("When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.")).

Rule 2116 unequivocally states that "[n]o question will be considered *unless it is stated in the statement of questions involved* or is fairly suggested thereby." Pa.R.A.P. 2116(a) (emphasis added). Regardless of the numerous other infirmities in his brief, which could serve as additional bases for dismissal, Stalling has failed to include a statement of questions involved.[4] As such, he has necessarily waived all review of his claims on appeal. Accordingly, we dismiss this appeal.[5]

---

[4] We note that there are no questions contained in his brief whatsoever. Instead, Stalling titles his argument sections "Violation of Due Process"; "Plaintiff Failure to Provide Essential Exhibit (WOP) in a Timely Manner"; "The Court Erred in Denying the Defendants [*sic*] Motions (Continuance & Reconsideration)"; and "The Court Failed to Deny Plaintiffs [*sic*] Motions in Accordance with 'Phil. Cnty. Pa*208(b).'"

[5] Substantively, Stalling's brief is replete with spelling, grammatical, and typographical errors, thus making it difficult to understand. However, as far

*(Footnote Continued Next Page)*

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/24/2025

---

as it can be gleaned from his argument, Stalling avers that his complete unawareness of a particular court date constitutes "excusable neglect[.]" Appellant's Brief, at 1. Despite this contention, he does not develop it in any meaningful manner, either through record citations or citations to authority. **See** Pa.R.A.P. 2119. Similarly, Stalling's three other issues contain a combination of bald/unsupported assertions and/or incomprehensible sentences. Absent dismissal, we would find that Stalling has failed to demonstrate that the court of common pleas committed an error of law or abused its discretion in determining that the municipal court did not commit an error of law or abuse its discretion in denying Stalling's petition to open. **See** Phila. Civ. R. 1001(g)(2). Accordingly, even if Stalling had not waived all issues, we would adopt, in full, the rationale the court of common pleas employed in finding no merit to Stalling's appeal from the municipal court. **See** Court of Common Pleas Opinion, 2/9/24, at 4-5.

- 7 -